## SMITH *v.* WASHINGTON GAS LIGHT CO.

### APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 86. Argued February 18, 1869. — Decided March 1, 1869.

The appellant has failed to prove the renewal of his contract with the appellee, which alleged renewal is the foundation of the remedy sought for by his bill.

THE case is stated in the opinion.

MR. CHIEF JUSTICE CHASE delivered the opinion of the court.

This is a suit in equity to enforce the specific performance of a contract for the delivery of gas tar, and to obtain compensation in damages for partial non-performance.

The alleged contract was for the delivery of all the tar, made by the company and not wanted by it for a specific purpose, from time to time, as made and called for by the contractor, during the term of five years; and for the renewal of the contract at the end of that period for another like term. The consideration to be paid to the

company by the contractor was five hundred dollars a year in half-yearly instalments. In case of refusal to renew the company engaged to refund to the contractor the payments made during the last year.

It is unnecessary to examine the question whether, upon sufficient evidence in support of the allegations of the bill, the complainant could have relief by a decree for specific performance; for we are all of opinion that no case for relief is made by the proof.

It is not alleged that, during the first five years, the company failed in any respect to perform its contract. The main ground of complaint is that the company, after having renewed the contract for a second term of five years, failed to fulfil its stipulations.

There is much evidence on the point of renewal and it is very contradictory. We shall not enter into any minute criticism upon it.

It is clear that the company was not bound to renew except upon the request of the contractor. There could be no refusal except upon a demand. Nor was the company bound to renew even upon demand. It might still refuse; and in that case would be bound only to return to the contractor or his assignee the last year's payment of five hundred dollars.

The proof shows that the contract proved unexpectedly profitable to the contractor; and that the tar would be worth during a second term of five years, not five hundred dollars only, but over five thousand dollars a year.

It was natural that the contractor should seek a renewal; and it was equally natural that the company should be unwilling to renew except at an advanced rate, corresponding, in some degree, to the increased value.

No formal demand for renewal seems to have been made, but there appears to have been a good deal of negotiation between the parties, and some adroit attempts on the part of the contractor to obtain admissions, either in words or acts, from the officers of the company, upon which a claim that the contract had been in fact renewed might be established.

But these attempts were not successful. We are unable to find in the testimony any satisfactory evidence of a renewal of the contract. On the contrary, the whole weight of the proof shows refusal to renew except at an advanced rate, and failure on the part of the contractor to accept the terms required. Refusing to renew the contract the company was under no obligation to the contractor except to refund the five hundred dollars received from him during

the preceding year; and for the recovery of this sum the remedy of the complainant was complete at law.

The decree of the Supreme Court of the District dismissing the bill must therefore be                                                    *Affirmed.*

*Mr. R. J. Brent* and *Mr. R. T. Merrick* for appellant.

*Mr. J. C. Kennedy* and *Mr. W. B. Webb* for appellee.