## In re HIRTH.

(District Court, D. Minnesota, Third Division. September 8, 1911.)

1. PARTNERSHIP (§ 17*)—CREATION OF RELATION—INTENTION.
   Whether a partnership existed as between the parties themselves depends on their intention, and that intention must be ascertained from the whole evidence and the circumstances in the case.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 3; Dec. Dig. § 17.*]

2. BANKRUPTCY (§ 309*)—LIQUIDATION OF CLAIMS—SETTLEMENT OF PARTNERSHIP.
   Where a partnership existed between a bankrupt and another, which was terminated prior to the bankruptcy, the former partner cannot prove a claim against the estate, based on the debts of the partnership paid by him, without an accounting and settlement of the partnership affairs; but such accounting and settlement may be had in the bankruptcy court before a referee.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 309.*]

In the matter of Henry B. Hirth, bankrupt. On review of order of referee disallowing claim of Christian Grimsrud. Modified.

Boyesen & Flor, for trustee.
Orr, Stark & Collett, for bankrupt.

WILLARD, District Judge. [1] The question in the case is, not whether the parties were partners as to third persons, but whether they were such as between themselves. This depends upon the intention of the parties, and that intention must be ascertained from the whole evidence, and from the circumstances in the case. McDonald v. Campbell, 96 Minn. 87, 104 N. W. 760; McAlpine v. Millen, 104 Minn. 289, 116 N. W. 583. From the contract of November 3, 1906, and the other evidence in the case, it sufficiently appears that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep r Indexes

Grimsrud and Hirth did intend to form a partnership. It may be said that Grimsrud never intended to give Hirth authority to incur debts that would bind him (Grimsrud). On the other hand, it may be said. that Grimsrud never intended to borrow from Hirth the $250 paid by Hirth at the time that the contract of November 3, 1906, was made, or the subsequent sums paid by Hirth, amounting to $700, or the undivided half of the profits which were to be paid to Grimsrud until all of Hirth's payments amounted to $5,000. Yet, if the contract was not one of partnership, it would be difficult to escape the conclusion that this money so paid by Hirth to Grimsrud, and the profits, if any, received by Grimsrud on Hirth's account, constituted a debt against Grimsrud in favor of Hirth.

The theory that Grimsrud intended to form a partnership is very much strengthened by the letter and accompanying document which Grimsrud · sent to Hirth on September 26, 1907. The document, apparently prepared under the direction of Grimsrud, speaks of this business as a copartnership between the two, under the name of the Hirth Shoe Company. The facts in the case of Drennen v. London Assurance Co., 113 U. S. 51, 5 Sup. Ct. 341, 28 L. Ed. 919, and 116 U. S. 461, 6 Sup. Ct. 442, 29 L. Ed. 688, were materially different from the facts in this case. See Paul v. Cullum, 132 U. S. 539, 10 Sup. Ct. 151, 33 L. Ed. 430. The relation between these parties having been one of partnership, the question is: What are now Grimsrud's rights?

It is to be noticed, in the ·first place, that the only person who has gone into bankruptcy is Hirth. His bankruptcy did not put into bankruptcy Grimsrud as an individual, nor did it put into bankruptcy the partnership between Grimsrud and Hirth. It does not appear that there are now any creditors of the Hirth Shoe Company. It was stated in the argument that Grimsrud had paid them all.

[2] That the partnership was dissolved at or about the time of the bankruptcy of Hirth is not disputed. If Grimsrud has paid the debts of the partnership, and if on an accounting between him and Hirth the latter would owe him, such a claim is a debt which will be discharged by the bankruptcy, and Grimsrud has therefore a right to prove it. To make such proof there must, of course, be an accounting between the partners and a settlement of their partnership affairs. The proper place for this accounting and settlement is in the bankruptcy court before the referee. If this is such a claim as is referred to in section 63b of the bankruptcy act (Act July 1, 1898. c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), the power of the court to order it liquidated before the referee is ample.

The claim already filed by Grimsrud before the referee is not sufficient to allow proof of the balance due him on the final settlement; but there is no reason why a new claim cannot be presented by Grimsrud, which would permit of such proof.

The order of the referee was that the claim presented be disallowed, without prejudice, however, to the right of said claimant to hereafter make a claim against Hirth as an individual, in a proper case. That order is modified, so as to disallow the claim without prejudice to

the right of the claimant to present another claim to the referee for the balance due him upon an accounting of their partnership affairs between himself and the bankrupt Hirth, and, except as so modified, the order of the referee is affirmed.