## SCHUMACHER v. DAVIS et al.
### No. 5032.

District Court, E. D. New York.

Dec. 2, 1932.

Breed, Abbott & Morgan, of New York City (Hugh S. Williamson, Matthias Plum, Jr., and Edgardo A. Correa, all of New York City, of counsel), for plaintiff.

Henry D. Levy, of Brooklyn, N. Y., for defendant Michael Weinsier.

Furst, Schwartz & Schwager, of Brooklyn, N. Y., for defendants Julius Schwartz and Jacob Davis.

George J. Rudnick, of Brooklyn, N. Y. (Peter P. Smith, Julius Schwartz, Joseph Katz, Robert L. Callahan, and Samuel K. Goldstein, all of Brooklyn, N. Y., of counsel), for defendant Morris Walzer.

GALSTON, District Judge.

This cause of action is brought by the plaintiff, as receiver of the Queensboro National Bank of the City of New York, against the defendants, as partners of the firm of Davis & Co.

The authority of the plaintiff arises out of his appointment by the Comptroller of the Currency under the banking laws of the United States (12 USCA § 191) because of the insolvency of the Queensboro National Bank of the City of New York.

This institution was on or about August 25, 1931, closed by order of its directors; and it is alleged that at the time of the closing and for a time prior thereto and at the time the suit was brought, the defendants, as partners of said Davis & Co., were stockholders of the bank and the owners of 1,144 shares of its capital stock. On October 27, 1931, the Comptroller levied an assessment upon the shareholders of the bank for the par value of its capital stock. Plaintiff claimed under such assessment from the defendants the sum of $114,400; and no part of the sum has been paid. At the trial of the action, a jury was waived.

It must be apparent that no recovery can be had in the absence of proof of the existence of the copartnership and that the defendants as partners were stockholders and owners of the shares in question. From the stock ledger it appears, and there is no denial, that the stock was held in the name of Davis & Co. There is no proof though that the shares of stock or any of them were ever held in the individual names of any of the defendants.

To prove the existence of a partnership, there was offered in evidence Exhibit 3, a so-called agreement of partnership. Although the parties named are Davis, Walzer, Weinsier, and Schwartz, the instrument itself bears only the signatures of Davis, Walzer, and Schwartz. So, as to Weinsier, there is no proof that he was a party to the agreement.

It provides, among other matters, that the parties agreed to form "a general partnership to engage in the business of holding or otherwise dealing with stocks * * * as agents * * * solely for the account of and subject to the order of the Globe Financial Corporation"; also that the partnership shall have no capital and that no partner shall have or claim any beneficial interest in any of the securities or property held by the partnership at any time; and that no part-

ner shall sign the partnership name for the purpose of creating any indebtedness. It is also stipulated in the agreement that in the event of death, the estate of the deceased partner shall have no interest in the partnership assets.

Certainly enough has been said to show that no partnership was contemplated, and there is no proof that any existed. All of this would seem to be extremely strange indeed, in the absence of a showing as to why the instrument was ever drawn and executed by any of the parties named therein; but some time prior to the purchase of the stock in question, the directors of the Globe Financial Corporation passed a resolution for the adoption by its executive committee of an appropriate and convenient method for purchasing securities in the name of a suitable nominee or nominees. The defendant Julius Schwartz, a lawyer, whose firm represented the Globe Financial Corporation, was delegated to prepare such instrument as would effectuate that object. Accordingly, the instrument known as Exhibit 3 was drafted. It is clear beyond the possibility of doubt that Davis & Co. was a mere empty shell, a name to transact the particular business in hand.

It was proved that the 1,144 shares of stock, forming the subject-matter of this action, were purchased with funds of the Globe Financial Corporation. Seventy checks were produced aggregating $677,743.83, representing the purchase price of the stock. These checks were drawn by the Globe Financial Corporation against its own bank account.

The practice of having a corporation designate a nominee is well understood in financial circles; but whether that practice be a sound one or otherwise, the primary and fundamental question here to be considered is whether the means which the Globe Financial Corporation adopted to effect its purpose and the aid given it by the defendants, Davis, Walzer, Weinsier, and Schwartz, spell out a partnership of which those defendants were members.

Section 10 of the Partnership Law of the State of New York (Consol. Laws, c. 39) defines a "partnership" as: "A partnership is an association of two or more persons to carry on as co-owners a business for profit." In the case at bar there is no proof of any essential element of a copartnership. The defendants had no interest in a partnership fund. They had no interest in a partnership profit. Indeed, they carried on no business. It should not be necessary at this late date to cite authority on such elementary principles of partnership law. In London Assurance Corporation v. Drennen, 116 U. S. 461, 6 S. Ct. 442, 444, 29 L. Ed. 688, it was said: "Persons cannot be made to assume the relation of partners, as between themselves, when their purpose is that no partnership shall exist."

In the case at bar, not only was it their purpose that no partnership should exist as among themselves, but there is no proof that they ever held themselves out as partners. On the contrary, it appears reasonably clear that the officers of the Queensboro National Bank knew that Lasky and Orens acted as representatives of the Globe Financial Corporation in directing the policies of the bank. Moreover, the Comptroller of the Currency, through his designated bank examiner, also knew that the Globe Financial Corporation owned the stock in question.

In Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 973, 36 L. Ed. 835, it was said: "The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. Ward v. Thompson, 63 U. S. (22 How.) 330, 334 [16 L. Ed. 249]."

I find, therefore, that there was no partnership as alleged in the complaint; and accordingly judgment must be rendered for the defendants dismissing the complaint.