## ÆTNA INS. CO. v. MURRAY.
### No. 805.

Circuit Court of Appeals, Tenth Circuit.
July 20, 1933.

John F. Webster, of Oklahoma City, Okl. (F. A. Rittenhouse, O. R. Rittenhouse, and Walter D. Hanson, all of Oklahoma City, Okl., on the brief), for appellant.

Stansell Whiteside and Lonnie B. Yates, both of Altus, Okl., for appellee.

Before LEWIS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

McDERMOTT, Circuit Judge.

The defendant below appeals from a judgment rendered on a verdict of a jury in a suit on a fire insurance policy covering a stock of shoes. The fire destroyed part of the stock and damaged the balance. The errors as-

signed are grouped in the briefs under four heads.

**1.** It is contended that the evidence disclosed that plaintiff was not the sole and unconditional owner of the property insured. The only support in the record for this defense is the testimony of plaintiff that he had arranged with two of his employees to pay them for their services a percentage of the net earnings of the business, in addition to their salaries; and the testimony of one of his employees that she "did not have any interest in the business but would have had a 25% bonus in addition to her salary when Mr. Murray was paid back his $11,000.00 with interest, then she would have a 25% interest." From all the testimony, a finding was warranted that the arrangement was simply to compensate employees for services by supplementing their salaries by a percentage of net earnings. Such a profit-sharing arrangement does not give the employees any title to the properties of the employer. London Assurance Corp. v. Drennen, 116 U. S. 461, 6 S. Ct. 442, 29 L. Ed. 688; Brown v. Franklin Fire Ins. Co., 178 Cal. 302, 173 P. 403; Martin Co. v. O'Connor, 120 Okl. 92, 250 P. 529. A participation in the profits as compensation for services rendered, does not create a partnership. Berthold v. Goldsmith, 24 How. 536, 543, 16 L. Ed. 762; Meehan v. Valentine, 145 U. S. 611, 619, 12 S. Ct. 972, 36 L. Ed. 835. In an exhaustive note to the case of Cudahy Packing Co. v. Hibou, 18 L. R. A. (N. S.) 1032, decisions from forty jurisdictions are cited in support of this statement and none to the contrary.

**2.** Appraisers were appointed, as provided by the policy, to ascertain the amount of the loss, and an award made. The binding effect of that award was an issue in the case and was submitted to the jury without objection, under an instruction requested by the defendant. The defendant now, for the first time, objects to the submission of this equitable issue to the jury, although it requested the trial court so to do by tendering an instruction on the issue. This is a trifling with the court which the law does not tolerate. Long ago the Supreme Court of the United States paid its respects to such objections first made on appeal, in these words: "The objection that the matter of plaintiff's demand is one of equitable cognizance in the federal courts cannot prevail. No such objection was raised in the court below at any stage of the proceedings, and it cannot be permitted to a defendant to go to trial before a jury on the facts of a case involving fraud, and let it proceed to judgment on the verdict without any attempt to assert the equitable character of the suit, and then raise that question for the first time in this court." Burbank v. Bigelow, 154 U. S. 559, Append., and 14 S. Ct. 1163, 1164, 19 L. Ed. 51.

**3.** It is contended that there was no substantial evidence that the award was invalid.

The submission of a disagreement as to the amount of a loss to disinterested appraisers is a lawful and commendable method of determining such a controversy; the awards of such appraisers are presumptively correct, and should not be set aside except upon clear and convincing evidence of fraud, gross mistake, misconduct of the appraisers, or their failure to perform the duties committed to them by the agreement of submission. St. Paul Fire & Marine Ins. Co. v. Eldracher (C. C. A. 8) 33 F.(2d) 675; Phœnix Ins. Co. v. Everfresh Food Co. (C. C. A. 8) 294 F. 51. The evidence in this case discloses these facts:

In response to a notice given immediately after the fire, defendant's adjuster advised plaintiff that he must have an inventory taken of the stock; a written agreement was entered into between the parties hereto "that all merchantable property that remains in said building shall be turned over to [a salvage company], to be by them inventoried * * *." An inventory of such merchantable property, damaged by the fire, was made by Mr. Garrett, but it did not include shoes so far destroyed as not to be merchantable. The damaged goods were moved to another location. A disagreement arising as to the amount of the loss, the parties agreed that each would appoint an appraiser and that such appraisers should "appraise and ascertain the sound value of and loss upon the property damaged and destroyed by the fire." The appraisers subscribed to an oath that they would appraise and estimate "the sound value and the loss and damage upon" the property insured. Plaintiff told the appraisers that as soon as they had organized he would like to show them by his books and inventories the sound value of the stock before the fire, and that he would be at the Elks Club subject to call, to which they agreed; but they did not call him.

The appraisers viewed the damaged goods in the building to which they had been removed, and commenced the appraisal; McDonald, the appraiser for the insured, wanted to call plaintiff to obtain the inventory and books in order to ascertain the amount of merchandise in the store immediately before

the fire, but Slesnick, appraiser for the company, told him he could confer with no one nor leave the building until the award was made. Whereupon Slesnick produced Garrett's inventory, which only purported to show the merchantable stock removed, and from this list of damaged goods, the award was made. The umpire was called in; he ascertained what the defendant had offered in settlement, raised that amount $2,000.00, and the award was signed, reading, "Sound value $4,464.30. Loss, $8,250.00"—a manifest absurdity.

This evidence conclusively shows that the award was correctly set aside for several reasons. The agreement of submission and the oath of the appraisers required them to ascertain the sound value of the goods, that is, their value before the fire. They did not do so, either in form or fact. They could not do so because they had no information as to the goods totally destroyed. Nor did they find the loss upon the property destroyed, as the submission required; they found only the loss upon the property damaged. The failure of appraisers to include in the award all of the property covered by the submission agreement renders the award invalid. Cooley's Briefs on Insurance, p. 6198; Ætna Ins. Co. v. Hefferlin (C. C. A. 9) 260 F. 695; Graff v. Insurance Company, 107 Kan. 648, 193 P. 356. Where the policy and the agreement of submission requires that sound value be ascertained, the failure of the appraisers to ascertain the sound value invalidates the award. Failure to so find cannot be treated as harmless, for by the policy and submission agreement, the parties so contracted. Continental Ins. Co. v. Garrett (C. C. A. 6) 125 F. 589; Cooley's Briefs on Insurance, p. 6200. There was fatal misconduct on the part of the appraiser for the company when he produced a partial list only of the goods whose loss he had sworn to appraise, and successfully objected to his associate ascertaining what goods were destroyed. There was further misconduct in denying plaintiff's request to be heard as to the sound value before the fire. In the absence of a requirement in the submission agreement or the policy, whether the insured is entitled to be heard by the appraisers depends upon the circumstances. If there is no dispute as to what property has been destroyed, and if its value is within the knowledge of the appraisers or is readily ascertainable, or where the damage may be ascertained by inspection, failure to notify the insured or to afford him a hearing is not fatal to the award. But where the facts as to what goods were destroyed, or as to the construction of a building, must be first ascertained before the work of appraisement of the loss can start, then the proceeding is more than the ministerial task of appraisement; it then partakes of the judicial function of ascertaining facts. Judge Lewis has clearly pointed out this distinction in his analysis of Continental Ins. Co. v. Garrett (C. C. A. 6) 125 F. 589 in Phœnix Ins. Co. v. Everfresh Food Co. (C. C. A. 8) 294 F. 51. The case at bar falls within the second category, for much of the loss was on account of shoes burned beyond identification, and the most elemental principles of fair dealing require that plaintiff should have had the opportunity of advising the appraisers of what stock had been totally destroyed. The appraisal here was of but a part of the property lost by the fire, for all of the appraisers agree that the award was only of the loss to the damaged but merchantable shoes listed on Garrett's inventory; no effort was made to ascertain the value of shoes destroyed and insured. Upon its face, and upon the testimony of defendant's own appraiser, the award was worthless.

4. Lastly it is contended that plaintiff should recover nothing because of his failure to file formal proofs of loss. In response to prompt notice of loss, the adjuster for the defendant came to Altus and made such examination as he cared to make; he admitted liability except as to the amount of the loss; he was instrumental in procuring a separation of the merchantable stock from that destroyed, and its removal to another building; he went into an appraisal of the amount of the loss; he tendered payment of the amount of the award, made abortive by the misconduct of his own appraiser; he tendered for signing a proof of loss disclosing the amount due as shown by the award. Thereby, and in more ways than one, defendant waived formal proofs of loss. Concordia Ins. Co. v. School District, 282 U. S. 545, 51 S. Ct. 275, 75 L. Ed. 528; Home Ins. Co. of New York v. Sullivan Machinery Co. (C. C. A. 10) 64 F.(2d) 765; Hartford Fire Ins. Co. v. Sullivan, 74 Okl. 241, 179 P. 24.

This appeal is without merit, and the judgment below is affirmed.