## FORDYCE et al. v. HELVERING, Commissioner of Internal Revenue.
### No. 10198.

Circuit Court of Appeals, Eighth Circuit.
July 1, 1935.

Henry J. Richardson, of Washington, D. C. (C. Powell Fordyce and Fordyce, White, Mayne & Williams, all of St. Louis, Mo., on the brief), for petitioners.

L. W. Post, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before STONE, WOODROUGH, and BOOTH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a decision of the Board of Tax Appeals (30 B. T. A. 988) involving the corporate income taxes of the Anco Investment Company for the years 1928 and 1929. The facts were stipulated, and those material to a solution of the question are presented.

On May 1, 1924, Lorenzo E. Anderson, Arthur C. Hilmer, and Oliver J. Anderson entered into an agreement of copartnership under the firm name of Lorenzo E. Anderson & Co., which provided among other things that in the event of the death of Lorenzo E. Anderson and the continuance of the business of that firm by the surviving partners or either of them, 25 per cent. of the net profits of the business of the successor firm by that name should be paid to the estate of Lorenzo E. Anderson for a period of three years after his death.

On June 22, 1925, Lorenzo E. Anderson died. On July 1, 1925, Oliver J. Anderson and Arthur C. Hilmer, together with two other persons, formed a new partnership under the name of Lorenzo E. Anderson & Co., renewing the agreement providing that 25 per cent. of the net profits of the business for a period of three years should be paid to the estate of Lorenzo E. Anderson, before any division of partnership income should be made among the partners.

As of May 31, 1927, Hilmer purchased the interests of the other partners in the firm and the assets of Lorenzo E. Anderson & Co. To enable him to carry out this purchase he obtained loans or advances from nine persons in the total amount of $470,000, which he paid out to the retiring partners. By the same contract Hilmer agreed to assume and carry out the obligation to the Anderson estate.

On June 20, 1927, Hilmer and William C. Fordyce, who had advanced $100,000 of the $470,000, formed a copartnership under the old firm name of Lorenzo E. Anderson & Co. In December, 1927, the Anco Investment Company was incorporated under the laws of the state of Missouri, and Hilmer, its promoter, caused its stock to be issued to himself. He retained one-half of it and distributed the remainder pro rata among those who had advanced the $470,000, according to the sum furnished by each one.

Hilmer and Fordyce entered into a new agreement of copartnership on January 2, 1928, and on the same date an agreement was entered into by and between Anco Investment Company, as party of the second part, and Lorenzo E. Anderson & Co., as party of the first part, which contained the following provision: "First: Party of the second part (Anco Investment Co.) agrees to advance to the party of the first part (Lorenzo E. Anderson & Co.) cash and securities as required by the party of the first part for all purposes of the business to be conducted by the party of the first part for the party of the second part, it being understood that the party of the second part shall bear all expenses and losses connected with said business and shall receive all profits derived therefrom after deducting said expenses, including salaries to be fixed by the Board of Directors of the party of the second part, but nothing herein shall be taken as making said corporation or any of its shareholders, other than those who have personally signed the Articles of Co-partnership of Loren-

zo E. Anderson & Company partners in said firm of Lorenzo E. Anderson & Company."

The firm of Lorenzo E. Anderson & Co. was engaged in the general stock, bond, and commodity brokerage business and the partners were members of the principal stock and commodity exchanges, including the New York Stock Exchange. The partnership had its principal offices in St. Louis, Mo., with branches in San Antonio and Dallas, and transacted all of its business in its own name. All of its operations were reflected on the partnership books. The net profits therefrom, with the exception of the amounts paid to the estate of Lorenzo E. Anderson, deceased, were credited to the account of "Arthur C. Hilmer, Agent, Capital Account," which account when so credited represented the entire net worth of the partnership. With the exception of the amounts so paid to the estate, the total profits of the partnership were then set up on the books of the Anco Investment Company under an account entitled "Arthur C. Hilmer, Agent." The Anco Investment Company had no income from any other source.

The partnership made an income tax return for its fiscal year ending May 31, 1928, in which it showed a total income of $252,541.06. Under the heading "Partners' share of income and credits" it showed the following distribution: to "Arthur C. Hilmer, Agent for Anco Investment Co.," $186,929.09, "25 per cent of the net income paid to the estate of Lorenzo E. Anderson, deceased, $50,611.97." "Arthur C. Hilmer, $15,000.00."

For the fiscal year 1929 the partnership returned a total income of $494,929.06 and reflected the following distribution thereof under the title "Partners' share of income and credits"; to "Arthur C. Hilmer, Agent for Anco Investment Company," $454,346.14, and "Estate of Lorenzo E. Anderson, deceased," $40,582.92.

The Anco Investment Company made its returns on the accrual basis and for the calendar years 1928 and 1929 reported as taxable income the amounts shown above as its distributive share of the earnings.

On audit of these returns the Commissioner held that the entire income of the partnership, without reduction on account of the amount paid to the estate of Lorenzo E. Anderson, was income of the Anco Investment Company and assessed a deficiency on that basis.

Upon appeal to the Board of Tax Appeals the Anco Investment Company objected to the assessment against it of any of the income which it had received or became entitled to receive from the partnership on the ground that the partners of Lorenzo E. Anderson & Co. were the persons who should be taxed and it prayed that the Board of Tax Appeals redetermine its correct tax liability and order a refund. The Board held that the Anco Investment Company was taxable as to the amounts it had received or had the right to receive under its contract with the partnership, but that the inclusion of that part of the income which had been paid to the Anderson estate was erroneous.

The appellants are the statutory liquidating trustees of the Anco Company. The Commissioner has not filed a cross-appeal, and the only question presented is whether the Anco Investment Company was taxable on the amounts it returned as having accrued to it in 1928 and 1929 under its contract with the partnership, Lorenzo E. Anderson & Co.

To simplify the issue and to establish the premise upon which the solution ultimately depends, certain salient facts must be made to appear in their proper perspective. The taxpayer, Anco Investment Company, was a corporation, and, as such, it represented that it earned certain income during the years 1928 and 1929 for which it made return and paid the tax. It was a legal entity operating for the benefit of its stockholders, and our concern here is solely with the corporation and whether or not it was liable for the tax it reported and paid. This is not a case in which we are asked to disregard some corporate entity in order to justify a tax where an attempt to avoid a tax has been made by resort to the fiction of corporate existence. Neither are we here concerned with any tax liability that may exist against the individual partners of Lorenzo E. Anderson & Co. It could not change the ruling here even if it should be made to appear, as strenuously urged by appellants, that the government could have pursued the individuals as partners and might have subjected them in that capacity to an additional tax which is now barred by the statute. That we need not decide. Though, in view of the fact that the individual partners kept none of the money but suffered it all to go to the corporation, such an assessment would have appeared

harsh. The relationship of the individuals as partners is pertinent to this case only in so far as it bears upon the question of what constitutes income to the Anco Investment Company. The issue should not be confused by collateral inquiries having no bearing upon its solution. We are to consider only the substance of transactions on account of which the taxpayer, a corporation, represented that it derived income and upon which it voluntarily paid the tax. If, on consideration of the transactions, it appears that the amounts which accrued to it during the taxable years in question constituted income to it, there is an end to the inquiry.

For tax purposes income has been defined as gain derived from capital, from labor, or from both combined, including profit gained through sale or conversion of capital. Bowers v. Kerbaugh-Empire Co., 271 U. S. 170, 174, 46 S. Ct. 449, 70 L. Ed. 886; Stratton's Independence v. Howbert, 231 U. S. 399, 415, 34 S. Ct. 136, 58 L. Ed. 285; Eisner v. Macomber, 252 U. S. 189, 207, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570; United States v. Siegel (C. C. A. 8) 52 F.(2d) 63.

■ The amounts which the taxpayer, in this case, represented constituted taxable gains to it were, sums which it received or was entitled to receive by virtue of its contract with Lorenzo E. Anderson & Co. That it was competent for it to enter into such a contract with the partnership without becoming either a partner or an agent in the enterprise cannot be doubted. London Assur. Corp. v. Drennen, 116 U. S. 461, 6 S. Ct. 442, 29 L. Ed. 688; Aetna Ins. Co. v. Murray (C. C. A. 10) 66 F.(2d) 289. The contract, the relevant portion of which has been set out, supra, imposed definite obligations upon the Anco Investment Company. Its stockholders had theretofore made very large advancements and, by the terms of this contract, the corporation agreed to advance cash and securities for all the needs of the partnership's brokerage business. It assumed the expenses of operation and the possibility of losses. In consideration it was to receive all the profits, if any, after deduction of expenses, including the salaries of officers. For the years in question the operation of the partnership's business achieved substantial profits. These profits, after deduction of expenses, salaries, and the portion thereof payable to the Anderson estate, were taken upon the books of the

Anco Investment Company under an account entitled "Arthur C. Hilmer, Agent." No record of disbursement appears, but if it be material, such funds were, according to the law of corporations, distributable to the stockholders for whose benefit it was organized and operated, according to their respective interests. In their individual returns the partners reported only their salaries as income. By failing to report as income any share in the partnership's earnings each, in effect, declared that no such income had been received. Bothwell v. Commissioner (C. C. A. 10, April 10, 1935) 77 F.(2d) 35; Crane v. Com'r (C. C. A. 5) 68 F.(2d) 640, 641.

Nor does the record disclose that the partners ever received or were entitled to receive these amounts as their distributive shares in the partnership profits. Rather it supports the conclusion that the contract was carried out as all of the parties contemplated and intended.

How then can it be said that the Anco Investment Company did not receive, by virtue of its contract, sums which were taxable to it as income? No contention is made that the amounts do not come within the definition of taxable income. Such income became definitely receivable during the years in question and under the accrual system of accounting was taxable in those years. Burnet v. Sanford & Brooks Co., 282 U. S. 359, 51 S. Ct. 150, 75 L. Ed. 383; United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 70 L. Ed. 347; Taylor v. Commissioner (C. C. A. 8) 51 F.(2d) 915.

■ The appellants contend, however, that inasmuch as income is taxable to and must be paid by the earner [Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665; Van Meter v. Commissioner (C. C. A. 8) 61 F.(2d) 817], the individual partners of Lorenzo E. Anderson & Co. are the earners and the only ones taxable as such. The principle is well established but it does not operate to relieve this taxpayer. The partnership earned its income through its operations in the brokerage business. The Anco Investment Company earned its income through its contract with such partnership. Fraudulent pretense absent, the government accepts the taxpayer as it represents itself to be, and it must make its returns and pay its taxes accordingly. Saenger v. Commissioner (C. C. A. 5) 69 F.(2d) 631; Planters' Cotton Oil Co. v. Hopkins (C. C. A.

5) 53 F.(2d) 825. And there is no suggestion that in making its returns the company was actuated by fraudulent motives.

In each of the following cases cited by appellant [Saenger v. Commissioner, supra; Lucas v. Earl, supra; Peterson v. Commissioner, 27 B. T. A. 1009; Blumenthal v. Commissioner (C. C. A. 2) 60 F.(2d) 715; Parker v. Routzahn (C. C. A. 6) 56 F.(2d) 730; Bishop v. Commissioner (C. C. A. 7) 54 F.(2d) 298; Luce v. Burnet, 60 App. D. C. 393, 55 F.(2d) 751; Harris v. Commissioner (C. C. A. 2) 39 F.(2d) 546; Mitchell v. Bowers (C. C. A. 2) 15 F.(2d) 287], the right to tax to the assignor, as earner, the part of the income assigned by him to another has been sustained. In view of what has been said, these decisions do not affect the conclusion that the Anco Investment Company earned the income involved and was properly subject to tax.

The decision of the Board of Tax Appeals is affirmed.