CENTRAL REAL ESTATE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29544. Promulgated October 4, 1929.

*Geo. S. Atkinson*, Esq., and *Luke B. Garvin*, C. P. A., for the petitioner.

*Brice Toole*, Esq., for the respondent.

778

OPINION.

ARUNDELL: The alleged errors relating to the filing of amended returns were not urged by petitioner at the hearing nor in its brief, and we take it that petitioner has abandoned them. But if not, we dispose of them now by holding that even if the respondent did err as alleged, it would make no difference in the tax liability.

The question for decision is whether under section 202(b) of the Revenue Act of 1924, taxes and interest on the unpaid purchase price of unproductive real estate should be capitalized for the purpose of ascertaining gain or loss.

The courts and this Board have heretofore repeatedly held that under Revenue Acts prior to that of 1924, so-called carrying charges

are not capital items. *Columbia Theatre Co.*, 3 B. T. A. 622; *Spring Valley Water Co.*, 5 B. T. A. 660; *Eastern Rolling Mill Co.*, 5 B. T. A. 663; *Arthur Fraser*, 6 B. T. A. 346, affirmed in *Fraser* v. *Commissioner*, 25 Fed. (2d) 653; *Westerfield* v. *Rafferty*, 4 Fed. (2d) 590.

Section 202(b) of the Revenue Act of 1924 provides that:

In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property.

This provision did not appear in earlier revenue acts, and under it petitioner raises the question of whether taxes and interest are " properly chargeable to capital account," calling to our attention the following statement appearing in the report of the Committee on Ways and Means of the House of Representatives, submitted with the draft of the 1924 Act:

There is no provision in the existing law which corresponds to subdivision (b), but the rule laid down therein is substantially the same as the construction placed upon the existing law by the Treasury Department. It provides that in computing gain or loss from the sale or other disposition of property the cost or other basis of the property (and in the appropriate case the fair market value as of March 1, 1913) shall be increased by the amount of items properly chargeable to capital account and decreased by the depreciation and similar deductions allowed with respect to the property. Under this provision capital charges, such as improvements, and betterments, and carrying charges, such as taxes on unproductive property, are to be added to the cost of the property in determining the gain or loss from its subsequent sale, and items such as depreciation and obsolescence previously allowed with respect to the property are to be subtracted from the cost of the property in determining the gain or loss from its subsequent sale.

The Committee on Finance of the Senate, in its report on the bill said:

There is no provision in the existing law which corresponds to subdivision (b) [section 202]. It provides that in computing gain or loss from the sale or other disposition of property the cost or other basis of the property shall be increased by the cost of capital improvements and betterments made to the property since acquisition and decreased by the depreciation and similar deductions previously allowed with respect to this property. To remove a possible ambiguity in the house bill, the deductions are limited to those " previously allowed " rather than those "properly chargeable."

Respondent's regulation in respect of this provision is article 1561 of Regulations 65, which, in part, provides:

The amount realized from the sale or other disposition of property is the sum of any money received plus the fair market value of the property (other than money) received. In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date, by carrying charges, such as taxes on unproductive property, and decreased by the depreciation and similar deductions previously allowed with respect to the property.

There is an obvious inconsistency in the report of the House Ways and Means Committee, quoted above, in that in the first part it says that the rule laid down by section 202(b) is " substantially the same as the construction placed upon the existing law by the Treasury Department," and in the latter part of the quotation it says that " carrying charges, such as taxes on unproductive property are to be added to the cost." As far as we have been able to determine, the Treasury Department, until the enactment of the 1924 Act, had consistently held that taxes and interest were not capital items. See I. T. 1188, C. B. I–1, 28; I. T. 1338, C. B. I–1, 30; I. T. 1218, C. B. I–1, 1346; I. T. 1517, C. B. I–2, 21; and I. T. 1807, C. B. II–2, 24. The Senate Finance Committee carefully refrained from saying anything about " carrying charges " and explained that section 202(b) was designed to allow the addition of cost of " capital improvements and betterments " to the cost of property. Article 1561 of Regulations 65, it will be noted, is but a paraphrase of the Ways and Means Committee report, and, in our opinion, is not a correct interpretation of the law.

The net result of this consideration of the Committee reports and the respondent's Regulations is that we do not find them helpful and we come back to a consideration of the Act itself. Section 202(b) does not attempt to define what items are " properly chargeable to capital account," but when we consider the consistency with which it has been held that taxes and interest are not capital items, we are satisfied that they do not come within the terms of the Act. The case of *Westerfield* v. *Rafferty, supra,* in a well considered opinion, holds that:

taxes and interest, when properly defined, do not really represent anything paid into the capital investment, and it is a misnomer of their purpose to call them " carrying charges."

Section 202(b) of the Revenue Act of 1926 reenacted, with only slight modification the corresponding provisions of the 1924 Act, and petitioner urges that this amounts to a legislative approval of the Commissioner's construction of the 1924 Act, citing *Provost* v. *United States,* 269 U. S. 443. The rule of construction which petitioner contends for applies in cases of " settled administrative construction " of a statute and not as in this case where the provision in controversy had been in effect a comparatively short time. If it can be said that there was any settled administrative construction on the question here involved, it is against the petitioner's claim, for the respondent, prior to the promulgation of Regulations 65, had consistently ruled the other way, holding that interest and taxes are not capital items. See rulings cited above.

The Revenue Act of 1924 does not purport to convert into a capital charge that which was not such a charge under prior acts and since

all decisions of the courts and of this Board, and the rulings of the Commissioner prior to Regulations 65, have consistently held that interest and taxes are not capital items, we are of opinion that they may not be capitalized under section 202 of the Revenue Act of 1924.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

---

MILLIKEN,[1] dissenting: The controlling issue in this proceeding is whether petitioner had the right to capitalize interest and taxes paid as carrying charges on its unproductive realty. The Revenue Act of 1924 contains the following provision:

SEC. 202. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized.

(b) In computing the amount of gain or loss under subdivision (a) proper adjustment shall be made for (1) any expenditure properly chargeable to capital account, and (2) any item of loss, exhaustion, wear and tear, obsolescence, amortization, or depletion, previously allowed with respect to such property.

In submitting the draft of the 1924 Act, the Committee on Ways and Means of the House of Representatives said, with reference to subdivision (b):

There is no provision in the existing law which corresponds to subdivision (b), but the rule laid down therein is substantially the same as the construction placed upon the existing law by the Treasury Department. It provides that in computing gain or loss from the sale or other disposition of property the cost or other basis of the property (and in the appropriate case the fair market value as of March 1, 1913) shall be increased by the amount of items properly chargeable to capital account and decreased by the depreciation and similar deductions allowed with respect to the property. Under this provision capital charges, such as improvements, and betterments, and carrying charges, such as taxes on unproductive property, are to be added to the cost of the property in determining the gain or loss from its subsequent sale, and items such as depreciation and obsolescence previously allowed with respect to the property are to be subtracted from the cost of the property in determining the gain or loss from its subsequent sale.

Respondent's regulation in respect of this provision is article 1561 of Regulations 65, which, in part, provides:

The amount realized from the sale or other disposition of property is the sum of any money received plus the fair market value of the property (other than money) received. In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date, and

---

[1] This decision was prepared during Mr. Milliken's term of office.

by carrying charges, such as taxes on unproductive property, and decreased by the depreciation and similar deductions previously allowed with respect to the property.

It may appear that this regulation is in conflict with the decision of the Board in *Ottawa Realty Co.*, 5 B. T. A. 474, and *Arthur C. Fraser*, 6 B. T. A. 346, affirmed in *Fraser* v. *Commissioner*, 25 Fed. (2d) 653, and other cases, but these cases were decided under the provisions of revenue acts which did not contain a provision similar to section 202 (b) of the Revenue Act of 1924. The meaning of the words used in section 202 (b) can be ascertained only by reference to sources other than the provision itself, and I know of no source more authoritative than the report of the committee of that branch of the Federal legislature which originates all tax legislation. I am of opinion that the regulation quoted is a reasonable construction of the provision. Provisions similar to section 202 (b) are to be found in section 202 (b) of the Revenue Act of 1926 and section 111 (b) of the Revenue Act of 1928. The provisions of the Revenue Acts of 1926 and 1928 were enacted after the promulgation of respondent's regulation and may be construed as adopting respondent's interpretation.

In the instant proceeding, it is disclosed that petitioner capitalized the items in controversy upon its books at the time the items were paid and made its original returns in accord with its method of accounting, and that none of these returns disclosed any tax due. It, however, appears that in the year 1924 petitioner, of its own volition, made amended returns for the years 1913 to 1917, inclusive, that none of these returns disclosed any income, except the return for the year 1914, and that in all these returns petitioner took as a deduction all taxes and interest paid with respect to its unproductive real estate. It is true that the return for the year 1914 was made at a time when the assessment and collection of the taxes were barred by the statute of limitations. Nevertheless, this was a voluntary return, with the result that the payment was voluntary. Petitioner in that return received the benefit of the deduction for taxes and interest. In my opinion he should not be allowed this benefit a second time.

I am of opinion that since petitioner did not receive the benefit of these deductions for the years 1913 to 1917, inclusive, except for the year 1914, it should be permitted to capitalize these items, with respect to all said years, except the year 1914.

But little aid can be derived from the treatment accorded carrying charges by the Treasury Department, for, as stated by Judge Hand in *Fraser* v. *Commissioner*, 25 Fed. (2d) 653, " The Treasury has undoubtedly fluctuated in its dealing with the matter." The Department permitted the capitalization of carrying

charges on unproductive timber property long prior to the enactment of the Revenue Act of 1924. See article 231 of Regulations 45 and 62. This was done without even apparent statutory authority. It does seem to me that the Board should not, in the light of the report of the Ways and Means Committee accompanying the Revenue Act of 1924 and subsequent enactment of the same provisions in the Revenue Acts of 1926 and 1928, construe the statute so as to deny the deduction claimed.

PHILLIPS, GREEN, and VAN FOSSAN agree with this dissent.