## CENTRAL REAL ESTATE CO. v. COMMIS-SIONER OF INTERNAL REVENUE.
### No. 5871.

Circuit Court of Appeals, Fifth Circuit.
March 18, 1931.

George S. Atkinson, of Dallas, Tex., for petitioner.

A. W. Gregg, of Washington, D. C., amicus curiæ.

Nathan William MacChesney, of Chicago, Ill., amicus curiæ, and for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau Internal Revenue, and Dean P. Kimball, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., and J. P. Jackson and J. Louis Monarch, Sp. Assts. to Atty. Gen., for respondent.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

This is a petition to reverse a decision of the Board of Tax Appeals affirming the ruling of the Commissioner of Internal Revenue denying to petitioner the right to capitalize and add taxes and interest on the unpaid portion of the purchase price to the cost of certain real estate in determining the profit derived from its sale. 17 B. T. A. 776.

There is no dispute as to the material facts which are these: Petitioner is a Texas corporation and in the year 1913 purchased unimproved real estate in the city of Dallas for speculation, paying $50,126.00 therefor. It produced no revenue until the beginning of the year 1918. In the calendar years 1914 to 1917, inclusive, petitioner paid $8,821.62 in interest on the unpaid portions of the purchase price and paid city, county, and state taxes on the land amounting to $2,624.15. Petitioner kept its books on the cash receipts and disbursements basis, and these amounts were capitalized and added to the original cost of the property on the books. Petitioner filed income and profits taxes returns for the years 1913 to 1917, inclusive, which returns showed no taxable income, without considering said interest and taxes, and no deductions were claimed for these items. In the calendar year 1924, petitioner, on the advice of its accountant, filed amended returns for the calendar years 1913 to 1917, inclusive, and claimed such interest and taxes as deductions for the respective years in which paid. As a result of this, after allowing the deductions, petitioner was assessed taxes for the calendar year 1914 in the amount of $181.83. No change was made as to the other years. The property was sold in 1924 at a profit. In filing its returns in 1925 petitioner sought to add the amounts paid for interest and taxes as above set out to the cost of the property for the purpose of determining the net profit. This was disallowed by the Commissioner of Internal Revenue on the ground that petitioner had had the benefit of the deductions, and additional taxes in the amount of $1,813.19 were assessed. On petition to the Board of Tax Appeals for a redetermination the Commissioner was affirmed, not on the theory adopted by him, but on the Board's interpretation of the law.

The contention of petitioner is based on the provisions of section 202 of the Revenue Acts of 1924, 1926, and section 111 of 1928, and the Regulations of the Treasury Department adopted following the passage of said acts.

Prior to the adoption of the act of 1924, except for the short period between February, 1920, and February, 1922, the Treasury Department had uniformly denied to the taxpayer the right to add interest and taxes to cost in determining profit from the sale of property, unless paid before the incidence

of the federal tax. On the other hand, the taxpayer had always been allowed to add expenditures considered capital items, although the revenue acts governing were silent as to this. The Board of Tax Appeals had uniformly denied the right to capitalize interest and taxes. Section 202 of the Revenue Act of 1926 (26 USCA § 933), which is similar to the provisions of the same numbered section in the Revenue Act of 1924 (26 USCA § 933 note) and section 111 of Revenue Act of 1928 (26 USCA § 2111), is as follows:

"Sec. 202. (a) Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in subdivision (a) or (b) of section 204, and the loss shall be the excess of such basis over the amount realized.

"(b) In computing the amount of gain or loss under subdivision (a)—(1) Proper adjustment shall be made for any expenditure or item of loss properly chargeable to capital account. * * *"

After the adoption of the act of 1924 the Treasury Department promulgated Regulations 69, of which article 1561 is as follows:

"Treasury Department Regulations 69:

"Art. 1561. * * *

"The amount realized from the sale or other disposition of property is the sum of any money received plus the fair market value of the property (other than money) received. In computing the amount of gain or loss, however, the cost or other basis of the property must be increased by the cost of capital improvements and betterments made to the property since the basic date, and by carrying charges, such as taxes on unproductive property. Where the taxpayer has elected to deduct carrying charges in computing net income or used such charges in determining his liability for filing returns of income for prior years, the cost or other basis may not be increased by such items in computing the gain or loss from the subsequent sale of the property."

In presenting the bill the report of the Ways and Means Committee of the House commented on section 202, subdivision b, as follows: "There is no provision in the existing law which corresponds to subdivision (b), but the rule laid down therein is substantially the same as the construction placed upon existing law by the Treasury Department. It provides that in computing gain or loss from the sale or other disposition of property the cost or other basis of the property (and in the appropriate case the fair market value

as of March 1, 1913) shall be increased by the amount of items properly chargeable to capital account and decreased by the depreciation and similar deductions allowed with respect to the property. Under this provision capital charges, such as improvements, betterments, and carrying charges, such as taxes on unproductive property, are to be added to the cost of the property in determining the gain or loss from its subsequent sale, and items such as depreciation and obsolescence previously allowed with respect to the property are to be subtracted from the cost of the property in determining the gain or loss from its subsequent sale." The Senate report did not contain this language.

■ It is argued on behalf of petitioner that Regulation 1561 is a correct interpretation of section 202. The report of the House committee presenting the bill is relied upon as showing the intention of Congress, and it is further argued that the enactment of the Revenue Acts of 1926 and 1928 with practically the same provision is a ratification of the interpretation by the Treasury Department. If the statute were ambiguous, the argument might be persuasive, but the rule is well settled that, while reports of Committees accompanying the introduction of proposed laws may be looked to in determining the intent of Congress, in cases of doubtful interpretation, if the words of the statute are free from doubt, and do not lead to absurd and wholly impracticable consequences, the statute is the sole evidence of the legislative intent. Caminetti v. U. S., 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

■ Section 202 above referred to is unambiguous and does not require extraneous aids to its interpretation. The provision permitting proper adjustment to be made for any expenditure or item of loss properly chargeable to capital account clearly means such items as add to the value of the property. It would be impracticable for Congress to enumerate in detail what those items might be, but taxes and interest do not fall into that class and no difficulty presents itself in dealing with them specifically. All the revenue acts have specifically provided for the deduction of taxes and interest from gross income annually while dealing generally with other items of expense. If Congress had intended to give the taxpayer the privilege of adding taxes and interest to cost, it would have been very easy to have said so. As the act does not so provide, the conclusion is inescapable that Congress did not so intend. The follow-

ing cases tend to support this conclusion. Westerfield v. Rafferty (D. C.) 4 F.(2d) 590; Fraser v. Commissioner of Internal Revenue (C. C. A.) 25 F.(2d) 653; Oswego & S. R. Co. v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 487; Hays v. Gauley Mt. Coal Co., 247 U. S. 189, 38 S. Ct. 470, 62 L. Ed. 1061.

It might be said that the Commissioner was rather illogical in putting his decision on the ground that he did in view of the regulations, considering that the petitioner had not benefited and the United States had lost nothing by the attempted deductions, but it is unnecessary to pass upon that question as it is immaterial.

The petition is denied.