## H. M. O. LUMBER CO. v. UNITED STATES. No. 5883.

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

See, also, 40 F.(2d) 544.

Oscar Waer, of Grand Rapids, Mich., for appellant.

E. E. Angevine, of Washington, D. C. (Fred C. Wetmore and L. H. Grettenberger,

both of Grand Rapids, Mich., and C. M. Charest, of Washington, D. C., on the brief), for the United States.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

The appellant lumber company acquired timber lands prior to March 1, 1913, which had a value as of that date of $310,182, and which it sold on an installment sale contract in 1920 at a profit. In the intervening years it received no income from the property or from other sources, but expended a considerable sum thereon for taxes and to clear a right of way for a railroad and for a road. In its tax returns for the years 1921 and 1924, it added this expenditure to the March 1, 1913, value for the purpose of determining the profits resulting from the sale of the property. The Commissioner ruled that the expenditure could not be added to the March 1, 1913, value, and determined the profits accordingly. The company paid the tax assessed, filed claims for refunds, which were denied, and brought this suit. The District Court upheld the Commissioner's decision, and the lumber company appeals.

The company did not set out in its claim before the Commissioner the amounts expended for a railroad right of way and a road as distinguished from the amounts expended for taxes, and did not introduce proof on that subject on the hearing in court. As the case is not argued here as if any part of the expenditures were for such purpose, we treat them as if wholly for taxes.

The Revenue Act of 1918, § 202 (a), 40 Stat. 1060, provides:

"That for the purpose of ascertaining the gain derived or loss sustained from the sale or other disposition of property, real, personal, or mixed, the basis shall be—

"(1) In the case of property acquired before March 1, 1913, the fair market price or value of such property as of that date. * * * *"

No Treasury regulation issued under this section provides for the adding of taxes paid subsequently to March 1, 1913, to the value as of that date for the purpose of ascertaining the gain derived from a sale. Appellant insists, however, that such procedure is required by section 234 (a) of the Revenue Act of 1918 (40 Stat. 1077), as construed by the Treasury regulations issued thereunder. This section, subsection 9, provides that in computing the net income of a corporation subject to the tax imposed by section 230 of the act (40 Stat. 1075) there shall be allowed as deductions: "In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: Provided, That in the case of such properties acquired prior to March 1, 1913, the fair market value of the property (or the taxpayer's interest therein) on that date shall be taken in lieu of cost up to that date." The Treasury regulation relied upon, article 231 of regulation 45, declares: "In the case of a timber property held for future operation by an owner having no substantial income from the property or from other sources, all expenditures for administration, protection, and other carrying charges prior to production on a normal basis shall be charged to capital account; after such a property is on a normal production basis such expenditures shall be treated as current operating expenses."

Appellant contends that the taxes paid on the property here in question were carrying charges within the meaning of the above regulation. We find difficulty in assenting to that view. While business men often consider the taxes that have been paid on property in fixing a price at which the property may be sold at a profit, "yet taxes and interest, when properly defined, do not really represent anything paid into the capital investment." Westerfield v. Rafferty (D. C.) 4 F.(2d) 590, 593. The regulation in question was not issued as a formula for determining gains or losses from sales, but is the Treasury Department's interpretation of provisions in the Revenue Act specifying allowable deductions in "computing net income." Furthermore, its only effect as to the matters to which it seems to be directed is to permit the charging of expenditures on undeveloped timber property to capital, eventually to be depleted by "future operation," and, as said by the court below, there is a distinct difference between permitting such expenditures to be depleted by future operations and charging them to the capital value as of March 1, 1913, for the purpose of determining gains or losses from sales. We cannot think the regulation was intended to authorize the latter procedure.

Whatever may have been the purpose or intended effect of the regulation, the statute itself is mandatory, and obviously cannot be changed or altered by administrative action. That is income which is derived from invested

capital, whether in the form of dividends or profits on sales. The capital invested in property—nontaxable of course—is the cost, or, in case the property was acquired before March 1, 1913, the ascertained value as of that date. Taxes subsequently paid on the property do not represent increase in value, but are paid as an incident to ownership. If they may be added to the March 1, 1913, value in determining the base for ascertaining gains from sale, there is no reason why interest on the investment should not also be added. The latter is impossible in view of Hays v. Gauley Company, 247 U. S. 189, 38 S. Ct. 470, 62 L. Ed. 1061. Neither is a part of the invested capital. So much was held in Westerfield v. Rafferty, supra; Fraser v. Commissioner (C. C. A.) 25 F.(2d) 653; and Central Real Estate Co. v. Commissioner (C. C. A.) 47 F.(2d) 1036. Plainly, therefore, the taxes in question should not have been added to the March 1, 1913, value in determining gains from the sale. We find no reason to doubt and the appellant has cited no authority to show that taxing gains from sales on this basis is not within the purview of the Sixteenth Amendment.

Judgment affirmed.