## MORAN v. UNITED STATES.
### No. 41901.

Court of Claims.
June 7, 1937.

558

560

Meredith M. Daubin, of Washington, D. C., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The admissible and competent evidence of record establishes that if both claims now pressed by plaintiff were allowed and the income for 1926 reduced accordingly, an additional tax of some $35,000 would remain due for 1926. However, the statute of limitation has barred collection. Cf. Lewis v. Reynolds, 284 U.S. 281, 52 S.Ct. 145, 76 L.Ed. 293. Inasmuch as the evidence of record establishes that the Wardman Corporation underpaid its tax for 1926, it is unnecessary to discuss in detail the issues raised by plaintiff. It is sufficient to state that in our opinion the plaintiff is correct in its position on the first question presented [Central Real Estate Co. v. Commissioner, 17 B.T.A. 776, affirmed (C.C.A.) 47 F.(2d) 1036], and payments of interest, taxes, and financing charges for 1926 have been charged to expense in arriving at the correct net income of $731,646.41 set forth in the findings.

The second contention of plaintiff, that no taxable profit was derived from the sale of the Gordon Hotel, cannot be sustained. Upon the sale of property the amount upon which a taxpayer is taxable is, in cases of the character here involved, the difference between the cost of the property and the value of money or other property which he received therefor. In this case the Commissioner determined that plaintiff's taxable profit on the sale of the Gordon Hotel was $137,257.13 and the evidence of record does not establish that this determination was erroneous or that the consideration received by the Wardman Corporation upon the sale of the property in question was not of the value determined by the Commissioner or as reported by the taxpayer in its original return. When property is sold at a profit, evidence as to the market value of the property at the date of sale is inadmissible for the purpose of showing that there was either no taxable profit or that the taxable profit was less than the difference between the sales price of the property plus accrued depreciation and the cost thereof. Plaintiff produced three witnesses who testified that, in their opinion, the fair market value of the Gordon Hotel property in 1926 did not exceed $225,000 and that because of this the property was not adequate security for the deferred notes amounting to $175,000. But this testimony does not, aside from the fact that it may have been influenced to some extent by conditions existing in the real estate field subsequent to the date of sale, establish that no taxable profit was derived from the sale by the Wardman Corporation. Jennings was liable for the full purchase price.

Plaintiff objected to the examination by the defendant as witnesses of internal revenue agents and auditors who made the investigation and audit of the books of account and the records of the Wardman Corporation, and its tax liability for 1926, and to the admissibility of their testimony as evidence. Those objections were renewed and pressed in the trial of the case before the court. The objections are without merit. The witnesses were clearly competent to testify and their testimony as to facts and information obtained from the books of account and records of the corporation was clearly admissible.

Upon the whole record, it is clear that plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.