*337 OPINION.
Black:
The two questions which we have to decide in this proceeding are:
(1) Whether the plan of reorganization of the Kentucky Natural Gas Co. and the steps taken in consummation thereof, pursuant to which the Kentucky Natural Gas Corporation, the petitioner herein, acquired substantially all the assets of the Kentucky Natural Gas Co. in exchange for shares of its voting preferred and common stocks, constituted a “reorganization” within the meaning of section 112 (i) (1) of the Revenue Act of 1932? If this question is answered in the affirmative, the principal issue in the case must be decided in favor of the petitioner. If question (1) is decided in favor of petitioner, then respondent has raised question (2). It is:
(2) Whether interest incurred during construction of the Kentucky Natural Gas Co.’s main transmission lines may be properly capitalized as a part of the cost thereof and used in computing depreciation deductions ?
We shall first take up issue 1.
The Kentucky Natural Gas Corporation acquired its properties in 1933 from the Kentucky Natural Gas Co.
The primary question involved, as we have already stated, is whether the transaction in question constituted a “reorganization” under that portion of section 112 (i) (1) of the Revenue Act of 1932 which provides:
The term “reorganization” means (A) a merger or consolidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation) * * *.
Section 112 (b) (4) provides:
* * * No gain or loss shall be recognized if a corporation a party to a reorganization exchanges property, in pursuance of the plan of reorganization, solely for stock or securities in another corporation a party to the reorganization.
Section 113 (a) (1) provides that the basis of property shall be the cost of such property, except that :
* * * If the property was acquired after December 31, 1917, by a corporation in connection with a reorganization, and immediately after the transfer an interest or control in such property of 50 per centum or more remained in the same persons or any of them, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. This paragraph shall not apply if the property acquired consists of stock or securities in a corporation a party to the reorganization, unless acquired by the issuance of stock or securities of the transferee as the consideration in whole or in part for the transfer.
*338 The taxable year 1935 was governed by the Revenue Act of 1934. Section 113 (a) (12) provides as follows:
* * * If the property was acquired, after February 28, 1913, in any taxable year beginning prior to January 1, 1934, and the basis thereof, for the purposes of the Revenue Act of 1932 was prescribed by section 113 (a) (6), (7), or (9) of such Act, then for the purposes of this Act the basis shall be the same as the basis therein prescribed in the Revenue Act of 1932.
As to the years 1936 and 1937, they are governed by the Revenue Act of 1936 and a like provision is to be found in section 113 (a) (12) of that act.
Since the hearings in the instant case the Supreme Court has decided Helvering v. Alabama Asphaltic Limestone Co., 315 U. S. 179; Palm Springs Holding Corporation v. Commissioner, 315 U. S. 185; Marlborough Investment Co. v. Commissioner, 315 U. S. 189; and Helvering v. Southwest Consolidated Corporation, 315 U. S. 194 (all Feb. 2, 1942). The parties were given leave to file briefs following the Supreme Court’s decisions in these cases. The petitioner has filed a brief in which it relies upon Helvering v. Alabama Asphaltic Limestone Co., supra, as a case particularly in point and controlling as to the disposition of the primary issue here involved. The commissioner has not filed any brief.
The “reorganization” considered in the Alabama Asphaltic Limestone Co. case was governed by section 112 (i) (1) of the Revenue Act of 1928, which is identical with section 112 (i) (1) of the Revenue Act of 1932. We think it is clear that the Supreme Court’s decisions in the Alabama Asphaltic Limestone Co. and the Palm Springs Holding Corporation cases are decisive in petitioner’s favor as to issue (1).
The decisions of the Supreme Court in Marlborough Investment Co. v. Commissioner, supra, and Helvering v. Southwest Consolidated Corporation, supra, decided the same day as the Alabama Asphaltic Limestone Co. and Palm Springs Holding Corporation cases, supra, are distinguishable both from the latter two cases and from the instant case.
Marlborough Investment Co. v. Commissioner, supra, is distinguishable in that the Court there found that the property was not acquired by the committee or the new corporation from the Marlborough Investment Co., the old company. The Court stated:
For tbe reasons stated in Helvering v. Alabama Asphaltic Limestone Co., supra, this transaction clearly would have been a “reorganization” within the meaning of § 112 (i) (1) but for one fact. That fact is that the property was not acquired by the committee or the new corporation from Marlborough Investment Co. * * *
Helvering v. Southwest Consolidated Corporation, supra, is distinguishable in that it arose under the Revenue Act of 1934, wherein the meaning of ‘‘reorganization” was differently defined. The Court recognized that had the reorganization been governed by the Revenue *339 Acts of 1928 or 1982 (tlie acts involved in Alabama Asphaltic Limestone Co. and Palm Springs Holding Corporation, supra) there would have been a reorganization in the Southwest Consolidated Corporation case. On this point the Court said:
Under the statute involved in MeVoering v. Alabama, Asphaltio Limestone Co., * * * decided this day, there would have been a “reorganization” here. For the creditors of the old company had acquired substantially the entire proprietary interest of the old stockholders. * * *
The Court went on to state that a change was made in the definition of “reorganization” by the Revenue Act of 1934, which laid down a much stricter test. Since the facts there showed that the new company had given class A warrants to unsecured creditors and class B warrants to stockholders,.the new company there was not in a position to contend that it had acquired all or substantially all of the assets of the old company “solely for voting stock”, and consequently there was no “reorganization.” Cf. Helvering v. Cement Investors, Inc., 316 U. S. 527.
Having decided issue (1) in petitioner’s favor, it becomes necessary to decide issue (2), which respondent raised as an alternative issue.
The Kentucky Natural Gas Co., the transferor of the properties of the Kentucky Natural Gas Corporation, constructed certain so-called “main transmission lines”, and as a part of the cost thereof it included interest incurred during the period and prior to the completion of the construction of such properties. The amount of such interest included in the cost of construction and in the reserves for depreciation to November 1933 is stated in our findings of fact above.
By a reference to our findings of fact, it will be observed that the interest capitalized is segregated as between that incurred prior to August 6, 1931, and that incurred subsequent thereto. The reason for such segregation is that T. D. 4321, X-2 C. B. 169, amended article 561 of Regulations 74 so as to provide an exception in favor of the allowances of carrying charges paid or incurred, as the case may be, prior to August 6,1931.
In March 1931 the Fifth Circuit, in Central Real Estate Co. v. Commissioner, 47 Fed. (2d) 1036, affirmed the Board’s opinion at 17 B. T. A. 776, and held that the regulations had been incorrect in including carrying charges such as taxes and interest in the basis of the property.' The treasury recognized the force of the Central Real Estate Co. case as applied to future carrying charges, but despite the holding of the decision, took a view that items prior to August 6,1931, which had not been deducted as expenditures might be included in the capital amount. T. D. 4321, X-2 C. B. 169 (Aug. 6, 1931), amended Regulations 74 of the 1928 Act, as follows:
In computing the amount of gain or loss, however, the cost or other basis of the property shall be properly adjusted for any expenditure, receipt, loss, or *340 other item properly chargeable to capital account, including the cost of improvements and betterments made to the property since the basic date. Carrying charges, such as interest and taxes on unproductive property, may not be treated as items properly chargeable to capital account, except in the ease of carrying charges paid, or incurred, as the case may he, prior to August 6, 1931, by a taxpayer who did not elect to deduct carrying charges in computing net income and did not use such charges in determining his liability for filing returns of income. [Emifhasis supplied.]
It is petitioner’s contention that under the foregoing amended regulations it has the right to capitalize the interest charges incurred prior to August 6, 1931, in the construction of its main transmission lines, although conceding that the remainder of the interest incurred in 1931 could not be capitalized. We do not agree that the foregoing regulation is applicable. The taxable years before us are 1935, 1936, and 1937. The Treasury regulations applicable to the year 1935 are contained in Regulations 86, covering the Revenue Act of 1934. Article 113 (b) — 1 of those regulations contains the following provision :
⅜ * * In the ease of unimproved and unproductive real property, carrying charges, such as taxes and interest, which have not been taken as deductions by the taxpayer in determining net income for the taxable year, or a prior taxable year, are properly chargeable to capital account. [Emphasis supplied.]
Article 113 (b) (1) of Regulations 94, covering the Revenue Act of 1936, contains an identical provision. These provisions of the regulations simply carry out section 113 (b) (1) (A) of the Revenue Act of 1932, which is identical in the Revenue Acts of 1934 and 1936. Section 113 (b) (1) (A), Revenue Acts 1932, 1934, and 1936, read as follows:
(1) General Rule. — Proper adjustment in respect of the property shall in all cases be made—
(A) for expenditures, receipts, losses, or other items, properly chargeable to capital account, including taxes and other carrying charges on unimproved and unproductive real property, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years. [Emphasis added.]
Now, if the “main transmission lines”- of petitioner’s predecessor corporation can be classed as “unimproved and unproductive real property” then undoubtedly under the above quoted statute and regulations petitioner should be allowed to capitalize the interest which it claims. Cf. Queensboro Corporation, 46 B. T. A. 1216. See also discussion in ¶18.172, Paul and Mertens Law of Federal Income Taxation.
As a matter of fact, petitioner does contend in its brief that the small expenditure of $1,179 in 1932 for interest and that of $190.92 in 1933 in connection with the construction of these transmission lines *341 should be capitalized under the provisions of section 113 (b) (1) (A) of the Revenue Act of 1932. This, of course, would only be allowable on the ground that the “main transmission lines” in question are “unimproved and unproductive real property.” We think it is clear that these transmission lines do not fall into such classification and petitioner’s contention in that respect can not be sustained. To avoid misunderstanding, it should be made plain that petitioner does not claim that the $270,177.95 interest expended by its predecessor prior to August 6,1931, should be capitalized under section 113 (b) (1) (A) of the Revenue Act of 1932. As has already been stated, petitioner contends that such interest should be .capitalized under Regulations 74, article 561, as amended by T. D. 4321, already quoted in this opinion. Obviously, Regulations 74 does not apply to either of the taxable years which we have before us. As we have already said, the applicable regulations governing the years which we have before us are Regulations 86 and 94, and these regulations only provide for the capitalizing of interest which has been expended in the carrying of unimproved and unproductive real property and has not been taken as a deduction in determining net income of the taxpayer for some prior year.
Under the Board’s decision in Central Real Estate Co., supra, affirmed by the Fifth Circuit, we think issue 2 must be decided in favor of the Commissioner.

Decision will he entered wider Rule 50.