QUEENSBORO CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.

No. 142.

Circuit Court of Appeals, Second Circuit.

April 7, 1943.

William S. Siemon, of Jackson Heights, N. Y., for petitioner, the Queensboro Corporation.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Robert N. Anderson, Sp. Assts. to Atty. Gen., for respondent, Commissioner of Internal Revenue.

Before L. HAND, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The taxpayer, Queensboro Corporation, was organized under the laws of the State of New York and under its charter is authorized to buy and sell real property and to transact a general real estate agency and brokerage business.

In 1909 or 1910 the taxpayer purchased thirteen unimproved lots in Long Island City, known as the Plaza property. These lots were bought subject to an existing mortgage of $50,000, dated July 1, 1909, and bearing interest at 5%, and $45,450 was paid in cash for the equity in the property. On October 1, 1911, the taxpayer erected a two-story building costing $40,-204.87 on three of the lots. On March 15, 1915, the taxpayer borrowed $75,000 at 6% interest and secured the loan by a second mortgage on the Plaza property. On April 27, 1915, it borrowed $75,000 more at 6% interest, giving back a first mortgage for that amount. Fifty thousand dollars of this loan was used to satisfy the original $50,000 mortgage. On or about August 23, 1926, it borrowed $150,000 more at 6% secured by a first mortgage on the property and used the proceeds to the extent of $75,000 to pay off the mortgage for $75,000 which it had given on April 27, 1915. In March, 1934, the owner of the mortgage for $150,000 began a foreclosure suit and obtained a decree of foreclosure and sale on January 24, 1935. At the sale the mortgagee purchased the property for the face amount of the mortgage and the taxpayer lost all its rights in the property. The taxpayer capitalized all taxes and special assessments upon the unimproved property as they were paid and also capitalized the interest on all the mortgages in the proportion that the value of the unimproved lots bore to those on which the office building had been erected. The result was that the taxpayer claimed a loss of $109,066.80 in computing its net income for 1935. The Tax Court limited the capitalization of interest to the proportionate amount of interest on unimproved property applicable to the original mortgage of $50,000 and as a consequence determined the deficiencies, from which the taxpayer has appealed. If the pro rata amount of interest on all the mortgages had been allowed there would have been a deductible loss from the corporate income of the taxpayer which would have eliminated any deficiency in payments of the taxpayer.

The question raised by the present appeal is whether the interest on all the mortgages given on the Plaza property so far as it is applicable to the unimproved lots is a "carrying" charge properly chargeable to capital account within the meaning of Section 113(b) (1) (A) of the Revenue Act of 1934, c. 277, 48 Stat. 680, 26 U.S.C.A. Int.Rev.Code § 113(b) (1) (A), for the purpose of arriving at the adjusted basis of such property in determining the gain or loss therefrom on foreclosure.

The pertinent part of Section 113(b) (1) (A) reads as follows:

"(b) Adjusted Basis. The adjusted basis for determining the gain or loss from the sale or other disposition of property,

whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1)  General rule.  Property adjustment in respect of the property shall in all cases be made—

"(A)  For expenditures, receipts, losses, or other items, properly chargeable to capital account, including taxes and other carrying charges on unimproved and unproductive real property, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years."

The total interest and taxes allowed as a deduction for carrying charges on the unimproved portion of the Plaza property for the period between its acquisition and the sale in foreclosure was $124,238.34. This total was capitalized by the taxpayer and comprised the following items:

| | |
|---|---|
| Taxes | $69,182.17 |
| Assessments | 4,246.31 |
| Interest computed on the amount of the mortgage of $50,000 as apportioned to the unimproved lots | 50,809.86 |

But the taxpayer claims the right to capitalize the interest paid on all the mortgages, so far as they are apportioned to the unimproved lots. The total of such interest would equal $151,690.96. This claim is made on the theory that the entire amount of interest paid out should be regarded as a carrying charge. There was no proof, however, that the mortgages subsequent to the original one of $50,000 were necessary to "carry" the lots, nor was there any proof that the proceeds other than in an amount required to satisfy the original $50,000 mortgage were used to repay the taxpayer for the purchase of the unimproved lots or had any relation to their maintenance or retention. Additional borrowings may have been desirable or necessary to refund the cost of erecting the building on the three lots and to obtain financing for other corporate purposes. They were available for any corporate purposes the taxpayer had on hand but were not shown to have been used or intended to "carry" the unimproved lots.

But for the indulgence afforded by Section 113(b) (1) (A) the taxpayer would have had no right to capitalize any part of the interest or taxes. Fraser v. Commissioner, 2 Cir., 25 F.2d 653; Oswego & S. R. Co. v. Commissioner, 2 Cir., 29 F. 2d 487; Central Real Estate Co. v. Commissioner, 5 Cir., 47 F.2d 1036; H. M. O. Lumber Co. v. United States, 6 Cir., 59 F.2d 907; Cf. Walsh v. Brewster, 255 U. S. 536, 41 S.Ct. 392, 65 L.Ed. 762.

It may be argued that when a purchaser of property intended for sale is seeking to adjust the basis for determining gain or loss he should be allowed to capitalize not only taxes and interest necessary to carry the property but also to capitalize charges for the use of moneys he paid to acquire the property. This added indulgence might be thought as equitable as to allow capitalization of interest on a mortgage that represents in some cases 90% of the cost of the property. But such items have never been included in computing cost. Section 113(b) (1) (A) is of the nature of an exemption and is plainly to be limited to its precise terms. We think the statute ought not to be read as allowing as carrying charges interest on mortgages that were not placed on property in connection with its purchase but were made for larger amounts as it increased in value unless they were made for the purpose of meeting taxes, assessments, interest, or other sums actually paid out in order to hold the property. To interpret it as the taxpayer wishes would be in effect to allow interest on increased values from year to year.

We hold that the Tax Court was right in limiting the interest which could be capitalized to that paid on the portion of the amount of the original $50,000 mortgage that was applicable to the unimproved lots, computed for the whole period between acquisition and sale.

The order of the Tax Court is affirmed.